IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS J. ACUNA, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-CV-2109-L |
| ) | ECF |
| NATHANIEL QUARTERMAN, ) | |
| Director TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner was convicted of aggravated assault of a child by the use of a deadly weapon, enhanced by a prior felony conviction. *The State of Texas v. Carlos Javier Acuna*, No. F-0149216-SQ (204th Dist. Ct., Dallas County, Tex., Jan. 23, 2002). Petitioner was sentenced to ten years imprisonment. On February 21, 2002, Petitioner filed a motion for new trial, which the trial court denied.

On March 25, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Acuna v. State*, No. 05-02-00340-CR (Tex. App. – Dallas 2003, pet. ref'd). On September 23, 2003, the Court of Criminal Appeals refused the petition for discretionary review. *Acuna v. State*, PDR No. 0664-03.

On September 23, 2004, Petitioner filed a state application for writ of habeas corpus. *Ex parte Acuna*, Application No. 61,151-01. On August 31, 2005, the Court of Criminal Appeals denied the application without written order.

On October 22, 2005, Petitioner filed this federal petition. He argues: (1) his conviction was obtained through an unconstitutional search and seizure; (2) he received ineffective assistance of counsel because his attorney failed to call favorable witnesses; (3) the judgment contains errors; (4) the evidence was factually insufficient to support the conviction; (5) the evidence was legally insufficient to support the conviction; and (6) the trial court erred in granting his motion for new trial without a hearing.

## II.  Discussion

**1.     Factual Background**

Fifteen-year-old Minerva Arredondo and her cousin, Christina, were walking to Christina's house at night when they encountered Jesse Carillos and [Petitioner]. (Trial Tr. Vol. 2 at 11). At Minerva's request, Carillos and [Petitioner] agreed to drive the girls to Christina's and then pick up their friend, Veronica, from the nightclub where she worked. (*Id.* at 16). On the way to the club, Minerva drank beer and inhaled cocaine with Carillos and [Petitioner]. (*Id.* at 15-19). In addition, Minerva saw [Petitioner] draw a handgun, point it out the window, and fire it into the air. (*Id.* at 19-22).

Carillos and [Petitioner] took all three girls back to Christina's apartment complex and visited with them in the parking lot. (*Id.* at 21-25). When Minerva's mother called, Carillos and [Petitioner] agreed to take Minerva home. (*Id.* at 25-27). Carillos took [Petitioner] home first, however. (*Id.* at 29). [Petitioner] was residing at the house of a friend. When they arrived at the

house, [Petitioner] asked Minerva to get out of the car and talk with him. (*Id*. at 29-31).

Minerva followed [Petitioner] to the front of the house and [Petitioner] drew his handgun, pointed it at Minerva's head, told Minerva, "You know what I want," and verbally threatened to shoot her if she did not comply with his demands. (*Id*. at 32-33). At gunpoint, [Petitioner] forced Minerva to walk around the side of the house and ordered her to undress and lie on the ground. (*Id*. at 35-36). Despite Minerva's protest, [Petitioner] repeatedly sexually assaulted her. (*Id*. at 38-43).

Eventually, Minerva convinced [Petitioner] that she would follow him inside the house. (*Id*. at 44). When [Petitioner] arose to open the back door, Minerva ran off to a neighbor's house for help. (*Id*. at 44-48). When the police arrived, Minerva appeared "distressed" and "afraid." (*Id*. at 88-89). The police interviewed Minerva and she showed them the house where the assaults occurred. The police stopped Carillos as he drove away from the house. They found [Petitioner] inside a bedroom in the house and, on the dresser in that room, they recovered a handgun. (*Id*. at 92). Minerva identified [Petitioner] at the scene.

At trial, [Petitioner] denied assaulting Minerva, and Carillos denied witnessing any assault. Both also denied that [Petitioner] inhaled cocaine or possessed a handgun that night. [Petitioner] insisted that he rebuffed Minerva's sexual overtures that night and she became agitated. According to [Petitioner] and Carillos, Minerva ran off when she heard [Petitioner] tell Carillos to take her home. (Trial Tr. Vol. 3 at 17-20; 30-31; 38-42).

**2.    Standard of Review**

The pertinent terms AEDPA state:

(d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that

>was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**3.     Search and Seizure**

Petitioner argues his Fourth Amendment rights were violated when the police searched the house he was in and seized a handgun. Where a state affords sufficient opportunity to litigate a Fourth Amendment claim, federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search and seizure. *See Stone v. Powell*, 428 U.S. 489-96 (1976). Petitioner had a full and fair opportunity to litigate

his Fourth Amendment claims in the state courts.  This claim should therefore be denied.

**4.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel was ineffective for failing to call witnesses that would have testified favorably for the defense.  Petitioner, however, does not state who his counsel should have called to testify, or what the witness(es) would have said.  Petitioner's conclusory allegations are insufficient to warrant habeas relief.  *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating "for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the

witness would have testified at trial."); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (finding "hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). Petitioner's claim should be denied.

**5.      Judgment**

Petitioner argues he is entitled to habeas relief because the judgment incorrectly states he was convicted of aggravated sexual assault of a child "under 14." The victim in this case was fifteen years old at the time of the offense.

The indictment in this case correctly reflects that Petitioner was charged with aggravated sexual assault of a child. (Court Record at 2). On direct appeal, the state's brief noted the error in the judgment and stated that the judgment should be reformed. (State's Appellate Brief at 1 n.1). The state also noted the error on state habeas review. (*Ex parte Acuna*, at 58-59).

Under Texas law, an incorrect judgment may be corrected at any time by a judgment *nunc pro tunc*. *See Smith v. Texas*, 15 S.W.3d 294, 298-99 (Tex. App. – Dallas 2000). Petitioner has failed to show that he has filed a motion for *nunc pro tunc*. He has also failed to show that the clerical error violates his constitutional rights. Petitioner's claim should be denied.

**6.      Factual Insufficiency**

Petitioner argues the evidence was factually insufficient to support the conviction. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307 (1979). Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt," a factual insufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, 3:00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001) (quoting *Clewis*, 922 S.W.2d at 128-29).

The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14 (citing *Clewis*, 922 S.W.2d at 129-30; *Bigby v. State*, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994)). There is no corresponding right of review under the United States Constitution. *Id.* Consequently, a claim based on factual insufficiency does not implicate a federal constitutional right and is not cognizable under § 2254. *See Warren v. Cockrell*, 3:02-CV-1441-P, 2002 WL 32167729 at *2 (N.D. Tex. Dec. 30, 2002); *Cupples v. Cockrell*, 3:01-CV-289-L, 2002 WL 1155826 at *5 (N.D. Tex. May 29, 2002).

### 7. Legal Insufficiency

Petitioner argues the evidence was legally insufficient to support the conviction. He also argues the trial court erred in finding him guilty beyond a reasonable doubt, which is essentially the same legal sufficiency claim. Respondent argues this claim is procedurally barred.

Petitioner raised his legal insufficiency claim on direct appeal, but he failed to raise the claim in his petition for discretionary review. On state habeas review, the court refused to consider the claim because sufficiency of the evidence cannot be raised in a state habeas petition. *Renz v. Scott*, 28 F.3d 431 (5th Cir. 1994). Thus, in denying relief, the state court relied on a state procedural default. If a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, such as raising the claim in a petition

for discretionary review, the procedural bar applies. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991). Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his procedurally defaulted claim.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claim.

**8.     Motion for New Trial**

Petitioner claims the trial court granted a new trial without first conducting a hearing.

Petitioner has not shown how granting a defendant's motion for new trial establishes a violation of the defendant's constitutional rights. Further, the record shows the trial judge denied Petitioner's motion for new trial by crossing out the word "granted." (Court Record at 31). Petitioner's claim is without merit and should be denied.

**9.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 5th day of December, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).